**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| **JOSEPH THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL CAUSE NO. **4:07cv-143 M** |
| | ) |
| **MECHANICAL CONSULTANTS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Joseph Thomas ("Thomas"), by counsel, brings this action against Defendant, Mechanical Consultants, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq. and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Thomas is a resident of the State of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 12117.

5. Thomas' state law claim arises from the same common nucleus of operative facts

as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and KRS 344.030(2).

7. Thomas was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS 344.030(5).

8. Thomas satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 474-2007-00712 against Defendant alleging discrimination based on disability. Thomas received his Notice of Suit Rights and timely files this action.

9. The majority of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky. Therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Thomas was hired by Defendant on or about January 2, 2007 as a General Laborer. Defendant had worked as a temporary employee in the same position starting on or about December 19, 2006.

11. At all times relevant, Thomas met or exceeded Defendant's legitimate performance expectations.

12. Thomas is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. §§ 12102(2), 12111(8) and KRS 344.030(1) and/or Defendant regarded him as such.

13. Defendant was aware of Thomas' disability and/or Thomas has a record of being disabled.

14. On or about January 19, 2007, Thomas informed Defendant that he had an appointment with his physician. Defendant inquired as to the reason for the medical appointment. Thomas disclosed to Defendant the nature of his medical condition. When Thomas returned to work the following day, he was laid off. When Thomas inquired whether the lay-off was temporary or permanent, he was told to look for another job. Thomas was the only individual laid off at that time.

15. Thomas protested to the owner of the Company. The owner informed Thomas that the "last person hired on is the first one to be laid off." However, as Thomas noted to the owner, he was not the last individual hired.

16. Ultimately, Defendant allowed Thomas to work an additional week. However, on the following Friday, Thomas was isolated on a jobsite, which completely deviated from Defendant's normal practices. While Thomas' medical condition is not contagious, the condition is known for being contagious. At the end of the day, January 26, 2007, Thomas was again laid-off.

17. When Thomas followed up with Defendant regarding his lay off, Defendant informed him to look for another job.

18. On or about February 20, 2007, Thomas filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that he was laid-off in violation of the ADA.

19. To date, Defendant has not recalled Thomas from lay-off. However, Defendant

has hired other individuals and recalled others from lay off during the relevant time period. The individuals hired and recalled are all non-disabled and had not engaged in protected activity.

## IV. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

20. Thomas hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint.

21. Defendant discriminated against Thomas based on his disability or its perception of his disability.

22. Defendant's intentional and willful actions were taken in reckless disregard for Thomas' rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4) and KRS 344.010, et. seq.

23. Thomas has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

24. Thomas hereby incorporates paragraphs one (1) through twenty-three(23) of his Complaint.

25. Thomas engaged in protected activity by filing a Charge of Discrimination with United States Equal Employment Opportunity Commission alleging discrimination based on disability.

26. Defendant refused to recall Thomas from lay-off despite opportunities to do so in retaliation for his complaints about perceived discrimination based on his disability.

27 Defendant's intentional and willful actions were taken in reckless disregard for Thomas' rights as protected by the Americans With Disabilities Act of 1990, as amended, 42

U.S.C. § 12112(b)(4) and KRS 344.280 et. seq.

    28.    Thomas has suffered damages as a result of Defendant's unlawful actions.

### V. REQUESTED RELIEF

WHEREFORE, Plaintiff, Joseph Thomas, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Thomas to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Thomas of front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of the ADA and the KCRA;

6. Punitive damages for Defendant's violations of the ADA and KCRA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                BIESECKER & DUTKANYCH, LLC

                By:  /s/ Andrew Dutkanych III
                Andrew Dutkanych III, Attorney No. 91190
                317 SE Third Street
                Evansville, IN 47713
                Telephone:    (812) 424-1000
                Facsimile:    (812) 424-1005
                Email:        ad@bdlegal.com
                Attorneys for Plaintiff, Joseph Thomas

## **DEMAND FOR JURY TRIAL**

Plaintiff, Joseph Thomas, by counsel, requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>BIESECKER & DUTKANYCH, LLC
>
>By:   /s/ Andrew Dutkanych III
>Andrew Dutkanych III, Attorney No. 91190
>317 SE Third Street
>Evansville, IN 47713
>Telephone:	(812) 424-1000
>Facsimile:	(812) 424-1005
>Email:		ad@bdlegal.com
>
>Attorneys for Plaintiff, Joseph Thomas